**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHORELINE ASSETS GROUP, LLC,

    Plaintiff,

  v.

SOON JA SHIN and DONG EUN SHIN,

    Defendants.

No. C 13-1681 MMC

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING PLAINTIFF'S REQUEST TO BAR FUTURE REMOVALS**

    Before the Court is plaintiff Shoreline Assets Group, LLC's ("Shoreline") "Motion to Remand Case, and Request to Bar Future Removals," filed April 17, 2013,[1] by which Shoreline argues the Court lacks subject matter jurisdiction over the above-titled action. Defendants have not filed opposition.[2] Having read and considered the papers submitted in support of the motion, the Court deems the motion appropriate for decision on the moving papers, VACATES the hearing scheduled for July 12, 2013, and rules as follows.

    In its complaint, Shoreline alleges a single cause of action, specifically, a state law claim for unlawful detainer. In their notice of removal, defendants, citing 28 U.S.C.

---

[1] On June 3, 2013, the instant action was reassigned to the undersigned, after which Shoreline renoticed the motion for hearing.

[2] Because the motion was served on defendants by mail on April 17, 2013, any opposition was due no later than May 6, 2013. See Civil L.R. 7-3(a) (providing opposition to motion must be "served and filed not more than 14 days after the motion is served and filed"); Civil L.R. 5-5(a)(2) (providing that where motion is served by mail, "3 days are added to the time in which any party must respond").

1  § 1441(a) and (b), as well as 28 U.S.C. § 1443, assert the complaint is removable.  As
2  discussed below, the Court disagrees.
3        An action filed in state court is removable to federal court where it alleges a claim
4  that presents a federal question.  See 28 U.S.C. § 1441(a).  A federal question is presented
5  where the claim "arise[s] under the Constitution, laws, or treaties of the United States."
6  See 28 U.S.C. § 1331.  "The presence or absence of federal-question jurisdiction is
7  governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists
8  only when a federal question is presented on the face of the plaintiff's properly pleaded
9  complaint."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  As noted, plaintiff's sole
10 claim is a state law claim; plaintiff's complaint cites to no federal law.  The Court,
11 consequently, lacks federal question jurisdiction over the instant case.
12       Defendants alternatively assert the action is removable under § 1441 on grounds of
13 diversity.  See 28 U.S.C. § 1441(b).  A district court has diversity jurisdiction where "the
14 matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs
15 and is between . . . citizens of different States."  See 28 U.S.C. § 1332(a).  A removing
16 defendant bears the burden of establishing the Court's diversity jurisdiction over the
17 complaint.  See Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir.1997).
18 Here, defendants have failed to allege, let alone meet their burden of establishing the
19 parties to the instant action are citizens of different states.  Moreover, even if defendants
20 had established the requisite diversity of citizenship, it is readily apparent from the face of
21 the complaint that the amount in controversy does not exceed the sum of $75,000.  See
22 Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 690 (9th Cir.2006) (noting, for
23 purposes of determining jurisdiction, "district court may consider whether it is facially
24 apparent from the complaint that the jurisdictional amount is in controversy") (internal
25 quotation and citation omitted).
26      In particular, although defendants contend the amount in controversy exceeds
27 $75,000 because defendants assertedly owe over a million dollars on the purchase
28 contract (see Notice of Removal at 3:28-4:2), plaintiff has not sued on the underlying

purchase contract. Rather, the complaint seeks damages of $175 per day, accruing as of March 2, 2013, along with possession of the subject real property. (See Compl. at 3:8-10.) Moreover, plaintiff filed the action as a "Limited Civil Case" (see Compl. at 1), and plaintiff is thereby limited to an award of no more than $25,000, see Cal. Civ. Proc. Code § 86(4) (defining "limited civil case" as one for unlawful detainer "where the whole amount of damages claimed is twenty-five thousand dollars ($25,000) or less"). The Court, consequently, lacks diversity jurisdiction over the complaint. See Singer, 116 F.3d at 376 (9th Cir.1997) (holding where "plaintiff does not claim damages in excess of [$75,000] and the defendant offers no facts whatsoever to show that the amount in controversy exceeds [$75,000], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied").

Lastly, defendants assert removal is proper under 28 U.S.C. § 1443.[3] To remove under § 1443(1), a defendant first "must assert, as a defense . . . , rights that are given to [such defendant] by explicit statutory enactment protecting equal racial civil rights." See Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) (internal quotation and citation omitted). "Second, [such defendant] must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." See id. (internal quotation and citation omitted). Here, even if their defense is based on a law protecting their racial civil rights, defendants' notice of removal nonetheless fails because defendants have not asserted any denial of such rights is predicated on a state statute or constitutional provision. See id. (holding removal under § 1443(1) improper where "[d]efendants point[ed] to no formal expression of state law that prohibit[ed] them from enforcing their civil rights in state court").

---

[3] Although defendants do not specify the particular subsection(s) on which they rely, they have no right of removal under § 1443(2). See City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824 (1966) (holding § 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights"). Consequently, the Court addresses removal only under § 1443(1).

3

Accordingly, no basis for federal jurisdiction having been shown, the complaint is hereby REMANDED to the Superior Court of the State of California, in and for the County of San Mateo.[4]

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 26, 2013

                                MAXINE M. CHESNEY
                                United States District Judge

---

[4] Plaintiff's request for an order barring future removals of the instant action is hereby DENIED. There is no showing that defendants have previously removed this, or any other, action to federal court, and plaintiff has cited no law suggesting it is entitled to such additional relief under such circumstances.